IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:20-CV-00366-D

| | |
|---|---|
| **Colorado Bankers Life Ins. Co.,** <br><br> Plaintiff, <br><br> v. <br><br> **AR Purchasing Solutions 2, LLC, et al.,** <br><br> Defendants. | **Order** |

Plaintiff requests that the court place two documents under seal: (1) a Memorandum of Understanding (MOU) that is an exhibit to its memorandum in support of its motion for leave to amend its complaint (D.E. 66) and (2) Deposition Exhibit 126 (Appendix 5), a document Defendant has filed to support its response to Plaintiff's motion for leave. (D.E. 70). D.E. 67, 74.

Before granting a party's motion to seal, the court "must comply with certain substantive and procedural requirements." *Va. Dep't of State Police* v. *Wash. Post*, 386 F.3d 567, 576 (4th Cir. 2004). Procedurally, the district court must (1) give the public notice and a reasonable chance to challenge the request to seal; (2) "consider less drastic alternatives to sealing"; and (3) if it decides to seal, make specific findings and state the reasons for its decision to seal over the alternatives. *Id*.

And "[a]s to the substance, the district court first must determine the source of the right of access with respect to each document, because only then can it accurately weigh the competing interests at stake." *Id.* A court may seal documents "if the public's right of access is outweighed by competing interests." *In re Knight Pub. Co.*, 743 F.2d 231, 235 (4th Cir. 1984). The factors the court considers in making this determination include "whether the records are sought for improper

purposes, such as promoting public scandals or unfairly gaining a business advantage; whether release would enhance the public's understanding of an important historical event; and whether the public has already had access to the information contained in the records." *Id.* The court must find that the circumstances of a motion overcome both the First Amendment and common law presumption of access.

The first document was exhibited to the complaint in a related state court action. *See Southland Nat'l Ins. Corp. et al.* v. *Greg E. Lindberg et al.*, Case No. 19-CVS-013093 (Wake County, NC). By Order dated January 10, 2020, Judge A. Graham Shirley sealed the MOU with redacted copies available for public inspection. Plaintiff asks that an unredacted copy of the MOU, which it claims is essential to understanding the arguments made in its motion to amend, be filed under seal.

This motion to seal has been on the public docket since its filing in February 2023 and no member of the public has opposed it. And Defendant consents to sealing this document.

The second document is a chain of email correspondence during a time Plaintiff was under administrative supervision by North Caroline Department of Insurance. Plaintiff contends that it is covered by the privilege of confidentiality set forth in N.C. Gen. Stat. § 58-30-62(f) (correspondence relating to the supervision of any insurer are confidential). Defendant has not opposed this motion to seal.

Along with Appendix 5, Defendant provisionally sealed its memorandum in opposition to the leave to amend the complaint (D.E. 71). Plaintiff requested provisional sealing because it quoted from Appendix 5. But Plaintiff asserts that the opposing memorandum need not remain provisionally sealed because the reference to Appendix 5 is "sufficiently general so as not to lift the veil of confidentiality[.]" D.E. 74 at ¶ 7. Defendant has not opposed unsealing this filing.

This motion to seal has also been on the public docket since its filing in February 2023 and no member of the public nor the Defendant has opposed it.

After considering the motions to seal and all related filings, the court is of the opinion that the motion to seal should be granted because all of the factors set out in *In re Knight Publishing Co.*, 743 F.2d 231 (4th Cir. 1984) are satisfied. Plaintiff has demonstrated that the MOU has been sealed in *Southland National Ins. Corp. et al.* v. *Greg E. Lindberg et al.*, Case No. 19-CVS-013093 (Wake County, NC Filed Jan. 10, 2020), and Appendix 5 contains correspondence that is confidential under state law. Based upon this showing, the court finds that both the First Amendment and common law presumption of access has been overcome. Additionally, although the public has had notice of the request to seal and a reasonable opportunity to oppose the motion, no objections have been filed. Finally, the court has considered less dramatic alternatives to sealing and finds that they would be inadequate. The redaction of the MOU in the related state court case would be undermined if the MOU were not sealed. And the court defers to the statutory confidentiality designation of the correspondence in Appendix 5.

Therefore, both motions to seal (D.E. 67, 74) are granted. The court orders that the Clerk of Court shall permanently seal the documents at issue (D.E 66, 70). The Clerk of Court may remove the provisionally sealed designation of D.E. 71 and unseal that pleading.

Dated: April 5, 2023.

_____
ROBERT T. NUMBERS, II
UNITED STATES MAGISTRATE JUDGE

3

Case 5:20-cv-00366-D   Document 81   Filed 04/05/23   Page 3 of 3